OPINION OF THE COURT
NYGAARD, Circuit Judge.
Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.
Lloyd’s of London issued a commercial general liability policy to Angela Rawlins d/b/a Bunker Hill Hotel. The policy contained general liability provisions that covered bodily injuries or property damage caused by an occurrence within the coverage territory. Among the endorsements modifying the policy was one that stated that the insurance policy does not apply to assault and battery, regardless of intent, or any act or failure to prevent or suppress such assault and battery or physical altercation “caused by the insured, an employee, a patron or any other person.” The policy also excluded damages arising out of “allegations of ... any act, error or omission relating to such assault and/or battery or physical altercation.”
Lloyd’s filed a declaratory judgment action, and the instant summary judgment motion, to establish that it did not have a duty to defend the insured in actions brought by a representative of Sherrit James, deceased, and Daren Stevens who had rented a room at the hotel. Our review is plenary. Torretti v. Main Line Hospitals, Inc., 580 F.3d 168, 172 (3d Cir.2009).
The underlying suits arose from the murder of James and the gunshot wounds sustained by Stevens when they were in their room at the hotel. The murder and wounds were at the hand Joel Dowdye, a former police detective, who was previous *455 ly in a relationship with James. The complaints allege negligence against the hotel, its employees and agents. Specifically, the complaints assert that the hotel negligently allowed Dowdye into the hotel, told him the room in which Stevens and James could be found, and failed to warn Stevens and James that Dowdye was on the premises.
The District Court determined that the policy language expressly excludes the liability asserted in the underlying case against the Bunker Hill Hotel. As a result, the District Court ruled in favor of Lloyd’s, establishing that it does not have a duty to defend the insured against the liability asserted by Stevens and the representative of James. After a thorough review of the record, we agree with the District Court’s ruling.
Therefore, for essentially the same reasons expressed by the District Court we will affirm the order.